UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

A<small>NTHONY</small> L<small>a</small>J<small>UAN</small> F<small>LEMING</small>,

      Petitioner,

      v.

U<small>NITED</small> S<small>TATES OF</small> A<small>MERICA</small>,

      Respondent.

      _____ /

Case No. 16-cv-10085
Case No. 08-cr-20275

U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small> J<small>UDGE</small>
G<small>ERSHWIN</small> A. D<small>RAIN</small>

**O<small>PINION</small> A<small>ND</small> O<small>RDER</small> D<small>ENYING</small> P<small>ETITIONER'S</small> S<small>UPPLEMENTAL</small> M<small>OTION TO</small> V<small>ACATE</small> S<small>ENTENCE</small> [56], V<small>ACATING</small> O<small>RDER</small> G<small>RANTING</small> M<small>OTION TO</small> V<small>ACATE</small> [43], D<small>ENYING</small> P<small>ETITIONER'S</small> M<small>OTION</small> T<small>O</small> V<small>ACATE</small> S<small>ENTENCE</small> [36], <small>AND</small> D<small>ENYING A</small> C<small>ERTIFICATE OF</small> A<small>PPEALABILITY</small>**

**I. I<small>NTRODUCTION</small>**

On June 9, 2008, Anthony Fleming ("Fleming" or "Petitioner") was indicted on two counts of distributing cocaine base, 21 U.S.C. § 841. Dkt. No. 3. On August 15, 2008, Fleming entered a guilty plea. Dkt. No. 19.

This Court previously granted Petitioner's Motion to Vacate Sentence, Dkt. No. 43, but now reconsiders its ruling in light of the Supreme Court's opinion in *Beckles v. United States*, 137 S. Ct. 886 (2017). Having read and considered supplemental briefing, the Court now **VACATES** its prior order [43] and **DENIES** Petitioner's Motion to Vacate [36].

## II. FACTUAL BACKGROUND

On October 11, 2007, Fleming sold 22.3 grams of cocaine base to a controlled source. Dkt. No. 19. Later that month, on October 19, 2007, a Michigan State Police Confidential Informant contacted Fleming and arranged the controlled purchase of a quantity of cocaine base, commonly known as "crack" cocaine. *Id*. Later that day, the confidential source, while under surveillance, met with Fleming at the City Center Plaza in Flint, Michigan, and purchased 103 grams of cocaine base directly from Fleming. *Id*.

Fleming was indicted on two counts of distributing cocaine base in June 2008. Dkt. No. 3. On August 15, 2008, Fleming pleaded guilty to Count Two—distribution of 50 or more grams of cocaine base—and the Government agreed to dismiss Count One. Dkt. No. 19. Fleming's counsel objected to whether Fleming's prior conviction for fleeing constituted a crime of violence under the guidelines. *See* Dkt. No. 25, p. 6, 14 (Pg. ID No. 65, 73). ("Your Honor, the offense itself for lack of a better phrase is one set of guidelines. The Career Enhancements take it to an entirely different realm and we made our positions clear on that."). Fleming was sentenced to 290 months imprisonment on December 5, 2008. Dkt. No. 20, p. 2 (Pg. ID No. 50).

On January 6, 2009, Fleming filed a Notice of Appeal to the Sixth Circuit regarding his Judgement and Sentence. Dkt. No. 21. The Sixth Circuit dismissed

the appeal, noting that Fleming waived his appeal because his sentence was within the agreed sentencing range after knowingly and voluntarily entering a guilty plea. Dkt. No. 29.

In December 2012, Fleming filed a Motion for Retroactive Application of Sentencing Guidelines to his crack cocaine offense. Dkt. No. 30, 31. The Court ordered the appointment of a federal defender to determine his eligibility. Dkt. No. 32. The Federal Defender's Office determined that Fleming was not eligible for a sentence modification because the modification to the crack guideline "does not have the effect of lowering the [Fleming's] applicable guideline range." Dkt. No. 34. The Court then denied Fleming's Motion for Reconsideration because reductions were not permitted for defendants who were sentenced prior to the effective date of the Fair Sentencing Act. Dkt. No. 35.

In June 2016, the Court granted Petitioner's Motion to Vacate. Dkt. Nos. 36, 43. However, the Court granted the Government's request to stay resentencing until the Supreme Court issued a ruling in *Beckles*. Dkt. No. 48. The *Beckles* decision having been rendered, the Court ordered supplemental briefing from the parties to address the new precedent *Beckles* set. Dkt. No. 51. The Court now reevaluates its prior order in light of the change in binding precedent.

### III. LEGAL STANDARD

Title 28 U.S.C. § 2255 permits a prisoner in federal custody to challenge the legality of his or her detention. *See Wooten v. Cauley*, 677 F.3d 303, 306 (6th Cir. 2012). A federal prisoner may do this by filing a motion with the imposing court, seeking to vacate, set aside or correct the sentence. 28 U.S.C. § 2255(a). To prevail on a § 2255 motion for constitutional error, the petitioner must show that the error had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005). The "substantial and injurious effect" standard is in essence an assessment of the prejudicial impact of the constitutional violation. *See McCary v. Lewis*, 255 F. App'x 78, 79 (6th Cir. 2007) (citing *Fly v. Pliler*, 551 U.S. 112 (2007)).

### IV. DISCUSSION

In his supplemental motion to vacate, Petitioner argues (1) that the invalidation of the residual clause of the Sentencing Guidelines presents a new fact not previously available; and (2) that the Sixth Circuit's holding in *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016) presents change in circuit law. Dkt. No. 56, p. 5 (Pg. ID 234). For the reasons stated below, neither of these arguments provides a basis upon which to award Petitioner relief.

### A. Petitioner Has Not Presented A New Fact Not Previously Available

Petitioner's first new argument asserts that he has grounds for relief under 28 U.S.C. § 2255(f)(4), which provides a one-year statute of limitations on relief premised on "facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." As the Sixth Circuit has clarified, "§ 2255(f)(4) is directed at the discovery of new facts, not newly-discovered law," *Phillips v. United States*, 734 F.3d 573, 580 (6th Cir. 2013), and Petitioner has not provided new facts supporting his claims. The discovery of new judicial precedent does not constitute a "new fact," triggering the limitations period of § 2255(f)(4). Thus, Petitioner's mention of several recent Supreme Court and Sixth Circuit decisions does not constitute a new fact supporting Petitioner's claims for the purpose of § 2255(f)(4).[1]

This argument does not provide a viable reason for vacating or resentencing Petitioner.

### B. The Supreme Court's Ruling in *Beckles* Abrogated *Pawlak*

Petitioner's second argument relies on the assertion that *Pawlak* remained good law after the Supreme Court's March 2017 opinion in *Beckles*. Review of

---

[1] For reference, Petitioner referred to the following cases as providing "new facts": *Mathis v. United States*, 136 S. Ct. 2243 (2016); *Johnson v. United States*, 135 S. Ct. 2551 (2015); *Descamps v. United States*, 133 S. Ct. 2276 (2013); *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016); and *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016).

more recent Sixth Circuit precedent illustrates that *Beckles* abrogated *Pawlak* as it applied to individuals sentenced under the advisory Sentencing Guidelines. *See United States v. Blake*, No. 15-6114, 2017 WL 2459871, at *4 (6th Cir. June 7, 2017) (holding that a vagueness challenge to the Sentencing Guidelines was "without merit" after *Beckles* abrogated *Pawlak*); *United States v. Herring*, No. 16-3382, 2017 WL 1088168, at *1 n.2 (6th Cir. Mar. 22, 2017) (noting the abrogation of *Pawlak* permits application of § 4B1.2(a)'s residual clause); *United States v. Kennedy*, No. 15-1456, 2017 WL 1078552, at *6 (6th Cir. Mar. 22, 2017) (writing that the holding in Beckles "abrogate[ed] our holding in *Pawlak*").

Because Petitioner was sentenced in 2008, after *United States v. Booker*, 543 U.S. 220 (2005) rendered the Guidelines to be advisory rather than mandatory, the Supreme Court's opinion in *Beckles* forecloses relief based on a vagueness challenge to the Sentencing Guidelines. *See Beckles*, 137 S. Ct. at 895 ("Accordingly, we hold that the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness."). *Pawlak* no longer provides a ground upon which Petitioner's sentence may be vacated on the ground of a vague residual clause.

The Court's prior opinion and order, granting Petitioner's motion to vacate, relied on precedent that no longer qualifies as good law in light of the Supreme

Court's holding in *Beckles* that "the Guidelines are not subject to a vagueness challenge under the Due Process Clause." 137 S. Ct. at 892. Thus, the Court must vacate its prior order, Dkt. No. 43, and deny Petitioner's Motion to Vacate [36] and Supplemental Motion to Vacate [56].

C. **The Court Will Not Issue A Certificate of Appealability**

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*.

Reasonable jurists would not debate whether the issues deserve encouragement to proceed further. Therefore, the Court will deny a certificate of appealability under 28 U.S.C. § 2253(c)(2).

## V. CONCLUSION

**IT IS HEREBY ORDERED** that the Court **VACATES** its June 2016 order granting Petitioner's Motion to Vacate [43].

**IT IS FURTHER ORDERED** that the Court **DENIES** Petitioner's Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255 [36].

**IT IS FURTHER ORDERED** that the Court **DENIES** Petitioner's Supplemental Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255 [56].

**IT IS FURTHER ORDERED** that the Court **DENIES** a certificate of appealability under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Dated:     July 25, 2017

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge