UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

A<small>NTHONY</small> L<small>A</small>J<small>UAN</small> F<small>LEMING</small>,

    Petitioner,

v.

U<small>NITED</small> S<small>TATES OF</small> A<small>MERICA</small>,

    Respondent.
_____/

Case No. 16-cv-10085
Case No. 08-cr-20275

U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small> J<small>UDGE</small>
G<small>ERSHWIN</small> A. D<small>RAIN</small>

## ORDER DENYING MOTION TO VACATE JUDGMENT PURSUANT TO RULE 59(e) [#60]

### I. I<small>NTRODUCTION</small>

Presently before the Court is Petitioner's Motion to Vacate Judgment Pursuant to Rule 59(e). Petitioner asserts that the Court should vacate its judgment denying relief under 28 U.S.C. § 2255. For the reasons that follow, the Court will deny Petitioner's Motion.

### II. F<small>ACTUAL</small> B<small>ACKGROUND</small>

Petitioner Anthony LaJuan Fleming was indicted on two counts of distributing cocaine base in June 2008. Dkt. No. 3. On August 15, 2008, Fleming pleaded guilty to Count Two—distribution of 50 or more grams of cocaine base— and the Government agreed to dismiss Count One. Dkt. No. 19. Fleming's counsel objected to whether Fleming's prior conviction for fleeing constituted a crime of

-1-

violence under the guidelines. *See* Dkt. No. 25, p. 6, 14 (Pg. ID No. 65, 73). Fleming was sentenced to 290 months imprisonment on December 5, 2008. Dkt. No. 20, p. 2 (Pg. ID No. 50).

Fleming filed a Notice of Appeal to the Sixth Circuit concerning his Judgment and Sentence on January 6, 2009. Dkt. No. 21. The Sixth Circuit dismissed the appeal, stating that Fleming's sentence was within the agreed sentencing range. Dkt. No. 29. The Sixth Circuit also noted that Fleming knowingly and voluntarily entered a guilty plea. *Id.*

On January 8, 2016, Petitioner filed a Motion to Vacate Sentence Under 28 U.S.C. § 2255. Dkt. No. 36. On June 28, 2016, the Court granted Petitioner's Motion to Vacate. Dkt. No. 43. However, the Court granted the Government's request to stay resentencing until the Supreme Court issued a ruling in *Beckles v. United States*, 137 S. Ct. 886 (2017). Dkt. No. 48. After the Supreme Court rendered a decision in *Beckles*, the Court ordered supplemental briefing from the parties to address the new precedent *Beckles* set. Dkt. No. 51. The Court then reevaluated its decision to vacate Petitioner's sentence. On July 25, 2017, this Court denied Petitioner's Supplemental Motion to Vacate Sentence, and vacated its previous Order to Vacate. Dkt. No. 58. On August 15, 2017, Petitioner filed the present Motion asking the Court to reconsider its decision to deny Petitioner's Motion to Vacate Sentence.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) governs motions to alter or amend a judgment. A court may alter the judgment under Rule 59 based on: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

### IV. DISCUSSION

Petitioner argues that this Court should alter its July 25, 2017 judgment based on a clear error of law. *See* Dkt. No. 60, pg. 3 (Pg. ID 261). Petitioner first challenges this Court's previous order denying his motion to vacate sentence stating that the court committed legal error. *Id.*

Petitioner argues that this Court erred in finding that he could not proceed with his claim of "newly discovered facts" under 28 U.S.C. § 2255(f)(4). *Id.* In his June 5, 2017 Motion to Vacate, Petitioner cited case law from the United States Supreme Court, stating that the holdings in those cases changed the legal consequences of known facts.[1] Dkt. No. 56, pg. 5–8 (Pg. ID 234–37). Petitioner then argued that under *Phillips v. United States*, these changes in the legal

---

[1] The case law Petitioner cited was *Mathis v. United States*, 136 S. Ct. 2243 (2016); *Descamps v. United States*, 133 S. Ct. 2276 (2013); *Johnson v. United States*, 135 S. Ct. 2551 (2015); *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016); and *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016).

consequences of the known facts created new facts that this Court can review. 734 F.3d 573 (6th Cir. 2013); *Id.* This Court held that, under *Phillips*, citing case law did not present new facts. Dkt. No. 58, pg. 5 (Pg. ID 249). Therefore, citing the Supreme Court decisions did not constitute new facts. *Id.*

Petitioner argues that a change in the legal consequences of knowns facts constitutes new facts under *Phillips*. Dkt. No. 56, pg. 5 (Pg. ID 234). However, the *Phillips* holding does not state this proposition. *See Phillips*, 734 F.3d at 580–83. This Court considered all of the United States Supreme Court cases that Petitioner cited in his June 5, 2017 Motion to Vacate. Dkt. No. 58, pg. 5 n.1 (Pg. ID 249) (referencing the various Supreme Court cases Petitioner cited). This Court then held that the cited precedent does not equate to new facts. *Id.* This Court correctly followed *Phillips*. It was correct in holding that the discovery of new judicial precedent does not constitute newly discovered facts.

More specifically, Petitioner states *Johnson v. United States* held that a vacated prior state conviction presents a new fact. 544 U.S. 295, 304–05 (2005); Dkt. No. 60, pg. 3 (Pg. ID 261). Petitioner then argues that the rule changes in *Descamps* and *Mathis* operate as the functional equivalent of having a prior conviction vacated. *Id.* Therefore, this Court should have more carefully considered Petitioner's citations to *Descamps* and *Mathis*. *Id.* In other words, Petitioner argues that *Descamps* and *Mathis* are the equivalent of a vacated state

conviction because their holdings would vacate Petitioner's conviction. Therefore, the holdings in *Descamps* and *Mathis* should constitute new facts that this Court can consider. This argument is too indirect. Success in having a prior state conviction vacated is not the equivalent of case law that overturns a prior state conviction. Therefore, this Court holds that Petitioner's argument is too attenuated to require that the Court change its prior order.

Second, Petitioner challenges this Court's previous judgment stating that the Court erred in concluding that he was still arguing a vagueness challenge. Dkt. No. 60, pg. 4 (Pg. ID 262). Petitioner then states that this Court ignored his June 5, 2017 Motion to Vacate argument that relied on Supreme Court holdings in *Descamps* and *Mathis*. Dkt. No. 60, pg. 4 (Pg. ID 262). However, as noted above, this Court recognized and addressed Petitioner's reference to various recent Supreme Court precedent in its July 25, 2017 order. Dkt. No. 58, pg. 8 n.1 (Pg. ID 249). Additionally, this Court was correct in addressing constitutional vagueness. Petitioner's June 5, 2017 Motion to Vacate argued that he could not be a career offender because of a constitutionally vague residual clause. Dkt. No. 56, pg. 5 (Pg. ID 234). In conclusion, this Court holds Petitioner's challenge is without merit. The Court addressed Petitioner's reference to Supreme Court cases in its previous order, and was correct to address constitutional vagueness.

Lastly, Petitioner argues that this Court committed legal error by denying a certificate of appealability. Dkt. No. 60, pg. 2 (Pg. ID 260). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id.*

Here, the Court has concluded that Petitioner has not raised any new, viable arguments to alter this Court's previous judgment. Therefore, this Court still holds that reasonable jurists would not debate whether the issues deserve to proceed further. The Court was correct to deny a certificate of appealability under 28 U.S.C. § 2253(c)(2).

## V. Conclusion

For the reasons discussed herein, the Court will deny Petitioner's Motion to Vacate Judgment Pursuant to Rule 59(e).

So Ordered.

December 7, 2017                    /s/Gershwin A Drain
                                    US District Court Judge