UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

U<span>NITED</span> S<span>TATES</span>,

    Plaintiff,

v.

A<span>NTHONY</span> L<span>A</span>J<span>UAN</span> F<span>LEMING</span>,

    Defendant.
_____/

Case No. 08-cr-20275

U<span>NITED</span> S<span>TATES</span> D<span>ISTRICT</span> C<span>OURT</span> J<span>UDGE</span>
G<span>ERSHWIN</span> A. D<span>RAIN</span>

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO THE FIRST STEP ACT OF 2018 [69]

### I. INTRODUCTION

On June 9, 2008, Anthony LaJuan Fleming ("Defendant") was indicted on two counts of distributing cocaine base, 21 U.S.C. § 841. ECF No. 3. Defendant entered a guilty plea on August 15, 2008, which charged him with distribution of 50 or more grams of crack cocaine. ECF No. 19. He was sentenced on December 5, 2008 and is currently serving a sentence of 290 months. *See* ECF No. 20.

Since Defendant's sentencing in December 2008, Congress enacted the First Step Act of 2018 ("the Act"). The Act authorizes federal district courts to exercise their discretion and resentence a defendant who was sentenced before August 3,

2010 as though the Fair Sentencing Act's ("FSA") lower threshold quantities of crack cocaine had been in place at the time of sentencing.

Presently before the Court is Defendant's Motion for Sentence Reduction Pursuant to the First Step Act, filed on June 27, 2019. ECF No. 69. The Government filed a Response on July 15, 2019. ECF No. 71. Defendant timely submitted his Reply ten days later. ECF No. 72. A hearing on Defendant's Motion was held on November 13, 2019. For the reasons that follow, the Court will GRANT Defendant's Motion [#69]. The Court will conduct a resentencing hearing on November 25, 2019 at 10:00 a.m.

## II. Factual Background

On October 11, 2007, Defendant sold 22.3 grams of cocaine base to a confidential source. ECF. No. 19. Later that month, on October 19, 2007, a Michigan State Police Confidential Informant contacted Defendant and arranged the controlled purchase of a quantity of cocaine base, commonly known as "crack" cocaine. *Id*. Later that day, the confidential source met with Defendant at City Center Plaza in Flint, Michigan, and purchased 103 grams of crack cocaine directly from Defendant. *Id*.

Defendant was indicted on two counts of distributing cocaine base in June 2008. ECF No. 3. On August 15, 2008, Defendant pleaded guilty to Count Two—distribution of 50 or more grams of cocaine base—and the Government agreed to

dismiss Count One.  ECF No. 19.  Defendant's counsel objected to whether Defendant's prior conviction for fleeing constituted a crime of violence under the guidelines.  *See* ECF No. 25, PageID.65, 73.  Defendant was sentenced to 290 months imprisonment on December 5, 2008.  ECF No. 20, PageID.50.

On January 6, 2009, Defendant filed a Notice of Appeal to the Sixth Circuit regarding his Judgement and Sentence.  ECF No. 21.  The Sixth Circuit dismissed the appeal, noting that Defendant waived his appeal because his sentence was within the agreed sentencing range after knowingly and voluntarily entering a guilty plea.  ECF No. 29.

In December 2012, Defendant filed a Motion for Retroactive Application of Sentencing Guidelines to his crack cocaine offense.  ECF Nos. 30, 31.  The Court ordered the appointment of a federal defender to determine his eligibility.  ECF No. 32.  The Federal Defender's Office determined that Defendant was not eligible for a sentence modification because the modification to the crack guideline "does not have the effect of lowering the defendant's applicable guideline range."  ECF No. 34, PageID.121.  The Court then denied Defendant's Motion for Reconsideration because reductions were not permitted for defendants who were sentenced prior to the effective date of the FSA.  ECF No. 35.

In June 2016, the Court granted Defendant's Motion to Vacate Sentence.  ECF No. 43. However, the Court vacated that order after ordering supplemental briefing

from the parties to address the Supreme Court's then-recent *Beckles v. United States* decision. ECF No. 58. It further denied Defendant's Motion to Vacate and Correct Sentence under 28 U.S.C. § 2255. *Id.*

Defendant now moves this Court, pursuant to the Act, to impose a reduced sentence and grant him immediate release. ECF No. 69, PageID.290.

### III. LEGAL STANDARD

A federal court is generally prohibited from modifying a defendant's term of imprisonment once it has been imposed. *See* 18 U.S.C. § 3582(c). The rule of finality, though, is subject to a "few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). Section 3582(c)(1)(b) equips a court with one of these "narrow exceptions": a court can modify an imposed sentence "to the extent otherwise *expressly permitted by statute* or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(b) (emphasis added).

The Act, enacted by Congress in December 2018, is one such statute. Pub. L. No. 115-391, 132 Stat. 5194 (2018). The Act retroactively applies the FSA, which was a law originally intended to reduce the disparity between crack and powder cocaine. Section 404 of the Act provides:

(a) Definition of Covered Offense: In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the [FSA] (citation omitted), that was committed before August 3, 2010.

4

(b) Defendants previously sentence: A court that imposed a sentence for a covered offense may, on motion of the defendant ... impose a reduced sentence as if sections 2 and 3 of the [FSA] (citation omitted) were in effect at the time the covered offense was committed.

(c) Limitations: No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the [FSA] (citation omitted) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

First Step Act of 2018, Pub. L. No. 115-319, § 404, 132 Stat. 5194 (2018).

When reviewing motions pursuant to the Act, the Court must address two questions. *See, e.g., United States v. Brown*, No. 07-20195, 2019 WL 4126555, at *3 (E.D. Mich. Aug. 30, 2019). The Court must first determine whether the defendant is eligible for a sentence reduction; in order to satisfy this showing, the defendant must have been sentenced prior to August 3, 2010—the FSA's enactment—for a "covered offense" as defined in § 404(a) of the Act. This step focuses exclusively on the defendant's original conviction. If this threshold showing is met, the Court can then determine whether it will use its discretion under § 404(b) of the Act to reduce the eligible defendant's sentence.

5

## IV. DISCUSSION

**A. Defendant's Eligibility**

The parties agree that Defendant is eligible for consideration of a reduced sentence under the Act, as he was convicted for a drug offense and the statutory penalties for that drug offense were modified by the FSA. *See* ECF No. 69, PageID.291 ("There is no dispute that [Defendant's] drug offense is a 'covered offense.'"); ECF No. 71, PageID.306 ("[T]he government agrees that [Defendant is eligible for consideration of a sentence reduction under Section 404[.]").

Defendant here pleaded guilty—before August 3, 2010—to the distribution of 125 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). The statutory penalties for his offense, including a required statutory minimum term of imprisonment of 10 years and a maximum term of life imprisonment, initially fell under 21 U.S.C. §841(b)(1)(A).[1] ECF No. 71, PageID.309. Section 2 of the FSA increased the threshold quantity of cocaine base from 50 to 280 grams under this

---

[1] Both before and after the FSA, the statutory minimum under 21 U.S.C. § 841(b)(1)(A) is increased to 20 years if the defendant committed the instant offense after he or she sustained a prior conviction for a felony offense, and to life if the defendant committed the instant violation after sustaining two or more convictions for felony drug offenses. ECF No. 71, PageID.309. The penalty at the time of Defendant's sentencing was 20 years to life, based on the amount of crack cocaine as well as the enhancement under 21 U.S.C. § 851 for his prior conviction for a felony drug offense. *See* Presentence Investigation Report ¶ 34, at p. 6.

sentencing provision, though. *Id.* at PageID.309–10. Defendant's statutory penalties are thus now set by 21 U.S.C. § 841(b)(1)(B), which has a threshold quantity of 28 grams. This sentencing provision reduces Defendant's mandatory minimum from 20 years to 10 years, and maintains a statutory maximum of life imprisonment, in light of his prior felony drug offense. *Id.* at PageID.310.

### B. Defendant's Sentence Reduction

Having determined that Defendant is eligible for relief, the Court can proceed to the second question in determining whether it should exercise its discretion to impose a reduced sentence. The Court has discretion under Section 404(b) to "impose a reduced sentence as if sections 2 and 3 of the [FSA] were in effect at the time the covered offense was committed." Pub. L. No. 115-319, § 404(b), 132 Stat. 5194 (2018). The Government does not dispute that the Act falls under 18 U.S.C. § 3582(c)(1)(B), which authorizes the Court to modify a sentence "when expressly permitted by statute." ECF No. 71, PageID.311.

The Court finds that an imposition of a reduced sentence for Defendant here is warranted. Pursuant to § 3553(a)(3), this Court can consider the statutory mandatory minimum and maximum penalties in reaching a sentencing decision. *See United States v. McCloud*, 730 F.3d 600, 610 (6th Cir. 2013) (explaining that consideration of "the kinds of sentences available" under 3553(a)(3) "necessarily includes the statutory minimum and maximum ranges."). Here, the statutory

7

minimum has changed as a result of the Act. Specifically, the application of the FSA reduces Defendant's mandatory minimum from 20 years to 10 years. ECF No. 69, PageID.297; ECF No. 71, PageID.310.

At the hearing on the Motion, Defendant's counsel withdrew his prior request for this Court to consider Defendant's status as a career offender in a subsequent resentencing hearing.[2] When Defendant was sentenced in December 2008, he was considered a career offender under § 4B1.2 because of his prior conviction of Fleeing and Eluding a Police Officer which, at the time, constituted a "crime of violence." *See* Presentence Investigation Report ¶ 37, at 6. In November 2016, however, the Sentencing Commission enacted Amendment 798, which removed the residual clause defining "crime of violence" as one which "presented a serious potential risk of physical injury to another." *See* U.S.S.G., Supp. App. C., Amend. 798 (Aug. 1, 2016) (Reason for Amendment). The Court acknowledges Defendant's withdrawn request for plenary resentencing and will thus not consider his career offender sentence enhancement.

---

[2] *See* ECF No. 69, PageID.297. Additionally, in its "Retroactive Sentence Reduction Review" Memorandum, the Probation Department determined that if Defendant was charged and sentenced today with the same circumstances, "it does not appear that he would qualify for the Career Offender Enhancement under the provisions of U.S.S.G. §§ 4B1.1(b) and 4B1.2, as Fleeing Third Degree would not be considered a 'crime of violence.'" P. 1.

A resentencing hearing is scheduled for November 25, 2019 at 10:00 a.m. At this hearing, the Court will consider the § 3553(a) factors, together with the current law in light of the Act, to impose a reduced sentence for Defendant.

**V. Conclusion**

For the reasons articulated above, the Court will GRANT Defendant's Motion for a Sentence Reduction Pursuant to the First Step Act of 2018 [#69]. Accordingly, the Court will conduct a resentencing hearing on November 25, 2019.

IT IS SO ORDERED.

Dated: November 14, 2019

                        s/Gershwin A. Drain
                        HON. GERSHWIN A. DRAIN
                        United States District Court Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 14, 2019, by electronic and/or ordinary mail.

                        s/Teresa McGovern
                        Case Manager