UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

Plaintiff,

v.

ANTHONY LAJUAN FLEMING,

Defendant.

Case No. 08-cr-20275

UNITED STATES DISTRICT COURT
JUDGE GERSHWIN A. DRAIN

_____/

## OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [81] AND MOOTING THE GOVERNMENT'S MOTION TO STAY [85]

### I. INTRODUCTION

On June 9, 2008, Anthony LaJuan Fleming ("Defendant") was indicted on two counts of distributing cocaine base, 21 U.S.C. § 841. ECF No. 3. Defendant entered a guilty plea on August 15, 2008, which charged him with distribution of /50 or more grams of crack cocaine. ECF No. 19. He was originally sentenced to 290 months of imprisonment. ECF No. 20. On December 5, 2019, the Court reduced Defendant's sentence to 168 months. ECF No. 79.

Presently before the Court is Defendant's *pro se* Motion for Compassionate Release, which Defendant signed on May 4, 2020.[1] ECF No. 81. The Government

_____

[1] The Court received and docketed Defendant's Motion on June 1, 2020.

filed a Response on June 19, 2020.  ECF No. 86.  The Government's Motion to Stay Defendant's Motion for Compassionate Release, filed on June 16, 2020, is also before the Court.  ECF No. 85.

Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of this matter.  Accordingly, the Court will resolve Defendant's Motion for Compassionate Release and the Government's Motion to Stay on the briefs.  *See* E.D. Mich. L.R. 7.1(f)(2).   For the reasons set forth below, the Court will **DENY WITHOUT PREJUDICE** Defendant's Motion for Compassionate Release [#81].  Further, the Court finds that the Government's Motion to Stay [#85] is **MOOT**.

## II. FACTUAL BACKGROUND

In June 2008, Defendant was indicted on two counts of distributing cocaine base.  ECF No. 3.  On August 15, 2008, Defendant entered a guilty plea to Count Two—distribution of 50 or more grams of cocaine base.  ECF No. 19.  At the time of sentencing, Defendant's counsel objected to whether Defendant's prior conviction for fleeing constituted a crime of violence under the guidelines.  *See* ECF No. 25, PageID.65, 73.  Defendant was sentenced to 290 months imprisonment on December 5, 2008.  ECF No. 20, PageID.50.

On January 6, 2009, Defendant filed a Notice of Appeal to the Sixth Circuit regarding the Judgement and his sentence.  ECF No. 21.  The Sixth Circuit dismissed

the appeal, noting that Defendant waived his appeal because his sentence was within the agreed sentencing range after knowingly and voluntarily entering a guilty plea. ECF No. 29.

In December 2012, Defendant filed a Motion for Retroactive Application of Sentencing Guidelines to his crack cocaine offense.  ECF Nos. 30, 31.  The Court ordered the appointment of a federal defender to determine his eligibility.  ECF No. 32.  The Federal Defender's Office determined that Defendant was not eligible for a sentence modification because the modification to the crack guideline "does not have the effect of lowering the defendant's applicable guideline range."  ECF No. 34, PageID.121.  The Court then denied Defendant's Motion for Reconsideration because reductions were not permitted for defendants who were sentenced prior to the effective date of the FSA.  ECF No. 35.

In June 2016, the Court granted Defendant's Motion to Vacate Sentence.  ECF No. 43. However, the Court vacated that order after ordering supplemental briefing from the parties to address the Supreme Court's then-recent *Beckles v. United States* decision.  ECF No. 58.  It further denied Defendant's Motion to Vacate and Correct Sentence under 28 U.S.C. § 2255.  *Id.*

In June 2019, Defendant moved the Court, pursuant to the First Step Act of 2018 ("the Act"), to impose a reduced sentence and grant him immediate release. ECF No. 69, PageID.290.  On November 14, 2019, the Court issued an Opinion and

Order granting Defendant's Motion for Sentence Reduction.  ECF No. 78.  In its Opinion and Order, the Court determined that Defendant was eligible for relief under the Act[2] and that a reduced sentence was warranted.  *See id.*  On December 5, 2019, the Court reduced Defendant's sentence to 168 months of imprisonment.  ECF No. 79.

At the time of his present filing, Defendant was serving his sentence at Federal Correctional Institution Forrest City Low in Forrest City, Arkansas.  He moves the Court for an order granting his request for compassionate release due to the threat of COVID-19.  ECF No. 81.  Defendant is a forty-three-year-old, African American male.  ECF No. 86, PageID.375. He alleges that he is especially at risk of contracting COVID-19 due to his underlying medical conditions, including hypertension, high cholesterol, and obesity.  ECF No. 81, PageID.361.  Defendant also lists his various medications in his Motion.  *Id.*  Moreover, Defendant emphasizes the several active cases at FCI Forrest City Low.  *Id.* at PageID.360.   He is scheduled to be released on December 31, 2020.  ECF No. 86, PageID.375.

The Court denotes that Defendant's counsel was unable to file a supplemental brief concerning Defendant's request for compassionate release.  On June 16, 2020, Defendant's counsel communicated to the Court that he was unable to set up a legal

---

[2] The Court denotes that the parties agreed that Defendant was eligible for resentencing under the Act.

4

call with Defendant at FCI Forrest City Low and that his emails to both the case management coordinator and the executive assistant at the institution were both unanswered.

Prior to filing its Response and present Motion to Stay, the Government advised the Court and Defendant's counsel that Defendant was scheduled to be moved to a residential reentry center ("RRC") on July 7, 2020 to complete the remainder of his sentence.  Accordingly, the Government moved the Court to stay this matter until Defendant was moved to the RRC.  ECF No. 85.  The Government also filed its Response to Defendant's Motion two days later.  ECF No. 86.  In its Response, the Government asserts that Defendant's Motion should either be denied, since he does not qualify for compassionate release, or delayed in order for the Court to consider his situation at the RRC.  *Id.* at PageID.372.

### III. LAW & ANALYSIS

#### A. Compassionate Release Under the First Step Act

#### 1. Legal Standard

Title 18 U.S.C. § 3582(c)(1)(A) governs this Court's authority to consider motions for compassionate release.  As amended by the First Step Act of 2018, this statute permits judicial modification of an imposed term of imprisonment when a defendant can meet three criteria: (1) the defendant has first exhausted all administrative remedies with the BOP or at least allowed the BOP 30 days to act on

his or her request before seeking compassionate release on their own motion; (2) "extraordinary and compelling reasons" warrant such a sentence reduction; and (3) the sentence reduction is consistent with the applicable policy statements issued by the Sentencing Commission and the district court has considered the factors set forth in section 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

U.S. Sentencing Guidelines Manual § 1B1.13 is the "applicable policy statement" which this Court must comply with. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g). Further, a defendant must fit within at least one of four categories of "extraordinary and compelling reasons." "An 'extraordinary and compelling reason' for the reduction can be satisfied in cases where a defendant's medical conditions or overall state of health are such that they cannot be treated effectively or will worsen in a custodial environment." *United States v. Bowman*, No. 11-20188, 2020 WL 3250225, at *1 (E.D. Mich. June 16, 2020).

Under this statute, Defendant must meet the requirements of exhaustion and "extraordinary and compelling reasons" to be eligible for compassionate release. Before granting a motion for compassionate release, district courts must also review the factors set forth in 18 U.S.C. § 3553(a) and determine whether such factors support or undermine the sentence reduction.

### 2. Analysis

The First Step Act of 2018 amended 18 U.S.C. § 3582 to permit defendants to move for compassionate release themselves.  First Step Act § 603(b), Pub. L. No. 115-319, 132 Stat. 5194, 5239 (Dec. 21, 2018).  In a defendant-initiated motion for compassionate release, the district court may not act on the motion unless the defendant files it "after" either completing the administrative process within the BOP or waiting thirty days from when the warden at the facility received his or her request.  18 U.S.C. § 3582(c)(1)(A).

Earlier this month, the Sixth Circuit determined that § 3582(c)'s exhaustion requirement is mandatory. *United States v. Alam*, No. 20-1298, 2020 U.S. App. LEXIS 17321, *6 (6th Cir. Jun. 2, 2020).  The *Alam* court held that incarcerated individuals seeking compassionate release must "fully exhaust all administrative rights or else they must wait [] 30 days after the warden's receipt of their request[,]" before asking the district court for compassionate release under § 3582.  *Id.* at *5–6 (internal quotation marks omitted).  The *Alam* court rejected the defendant's request to excuse the failure to exhaust based on the equitable exceptions of futility or irreparable harm.  *Id.* (concluding that "[t]hirty days hardly rises to the level of an unreasonable or indefinite timeframe.") (internal quotation marks omitted).

Here, Defendant failed to wait the requisite 30 days from the date his request for compassionate release was received by the Warden.  Defendant asserts that he

submitted his request to the Warden at FCI Forrest City Low on or about April 20, 2020.  ECF No. 81, PageID.361.  He subsequently filed his present Motion with the Court two weeks later, on May 4, 2020.  In its Response, the Government timely invokes the defense of failure to exhaust.  ECF No. 86, PageID.382–84.[3]

The Court is unable to ignore the *Alam* court's holding that Defendant must either exhaust all administrative remedies within the BOP—including an initial petition and a pursuit of administrative review—or at least allow the BOP thirty days to act on his request before seeking compassionate release on his own motion to this Court.  *Alam*, 2020 U.S. App. LEXIS 17321, at \*11.  The Government properly invokes the defense of failure to exhaust in the instant matter and thus it has not forfeited or waived this defense.  The Court thus cannot grant Defendant's requested relief at this juncture because he failed to properly exhaust as required by § 3582(c)(1)(A).  *Alam*, 2020 U.S. App. LEXIS 17321, at \*6.

Accordingly, Defendant's instant Motion must be denied without prejudice. However, the Court remains concerned for Defendant's particular susceptibility to COVID-19 in light of his underlying medical conditions.  Should Defendant seek to file a motion in accordance with *Alam* moving forward, and specific to his new

---

[3] In its Response, the Government also asserts that there is no record of Defendant's request for compassionate release to the Warden at FCI Forrest City Low.  ECF No. 86, PageID.383.

circumstances at the RRC, the Court can properly revisit the merits of his request for relief.  At the time of this writing, the Court is not aware of Defendant's specific risk of contracting COVID-19 within the RRC.  The Court agrees with the Government's assertion that an incarcerated individual's environment, such as the number of positive cases in a facility, is relevant to evaluating the risk presented by COVID-19.  *See* ECF No. 86, PageID.384.

### B. The Government's Motion to Stay

On June 16, 2020, the Government filed its Motion to Stay Defendant's Motion for Compassionate Release.  ECF No. 85.  Defendant's counsel did not concur in the Government's Motion.  *Id.*

The Government's request for the Court to stay this matter was a limited one. Specifically, the Government asked for the Court to stay this matter "until [Defendant] is moved to the RRC on July 7, 2020."  ECF No. 81, PageID.370.  It suggested that once Defendant is at the RRC, the Court can evaluate his request for relief based on the conditions there, rather than on the conditions at FCI Forrest City Low.  *Id.*  On July 8, 2020, the Bureau of Prisons confirmed with the Court that Defendant is no longer in its custody.  In light of this information confirming Defendant's relocation from FCI Forrest City Low to the RRC, the Court finds that the Government's requested relief is moot.

## IV. CONCLUSION

For the reasons articulated above, the Court will **DENY WITHOUT PREJUDICE** Defendant's Motion for Compassionate Release [#81].

**IT IS FURTHER ORDERED** that the Government's Motion to Stay Defendant's Motion for Compassionate Release [#85] is **MOOT**.

**IT IS SO ORDERED.**

Dated:        July 10, 2020

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Anthony LaJuan
Fleming on
July 10, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager

10